## FELTMAN & CURME SHOES STORES CO. v. HELFAT et al. *

(Circuit Court of Appeals, Eighth Circuit. August 7, 1926.)

No. 7269.

Receivers ⬤204—Claimant whose petition in intervention was denied, without appeal, held to have no standing as a party to move to set aside order discharging receiver.

Premises leased to a corporation were occupied by its receiver who paid rental for his occupancy, but without assuming the lease. He surrendered the premises, which were repossessed by the landlord. Several months later, the latter filed an intervening petition asking damages for surrender of the premises before expiration of the term, which petition was denied, and no appeal taken. Held, that the landlord was no longer a party to the record, and was not entitled to notice of the receiver's application for discharge, and had no standing to move to set aside the order for discharge that it might file another claim for damages.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

In the matter of ancillary receivership for the Ralph Full Dress & Tuxedo Company, J. Nathan Helfat, ancillary receiver. From an order denying its motion to set aside an order discharging the receiver, the Feltman & Curme Shoes Stores Company, intervener, appeals. Affirmed.

George T. Priest, of St. Louis, Mo. (Boyle & Priest and Robert E. Moloney, all of St. Louis, Mo.), for appellant.

* Rehearing denied October 13, 1926.

J. Nathan Helfat, of New York City, in pro per.

Before SANBORN, Circuit Judge, and WOODROUGH and SCOTT, District Judges.

WOODROUGH, District Judge. It appears from the record in this case that appellant was the landlord of certain retail store premises in St. Louis, Mo., leased for a term of years to the Ralph Full Dress & Tuxedo Company. Appellee became receiver of that company by appointment of a federal court in New York and thereafter ancillary receiver by appointment of the United States District Court for the Eastern Division of the Eastern District of Missouri. As such ancillary receiver in Missouri, he came into possession of the premises and the merchandise there in store. Shortly after the institution of the ancillary receivership proceedings in Missouri, the landlord intervened therein to forfeit the lease and for ouster for nonpayment of rent by the Ralph Company and its ancillary receiver. The specific relief prayed for in the intervening petition was denied on hearing, but the ancillary receiver, on account of his possession, was ordered to pay rent according to the terms of the lease for certain months named in the order. Thereafter, upon application made to the court, the ancillary receiver was ordered by the court to sell the merchandise in his hands at a price specified, and to receive the moneys therefor. The following direction to the ancillary receiver was made a part of the order to sell: "The moneys so received to remain within the jurisdiction of this court until lessor's claim for rent on premises occupied by receiver be determined and paid." The ancillary receiver continued to occupy the premises until he consummated the sale thus authorized by the court, whereupon he vacated and surrendered them to the landlord who repossessed itself of them. Some months after the landlord had retaken possession of the premises, it filed its second petition in intervention in the ancillary cause setting up its lease to the Ralph Company and the taking of possession by the ancillary receiver and the surrender to and repossession by the landlord. It admitted that the ancillary receiver had paid the rent for the period that he had been in possession, but complained that the ancillary receiver, by resisting the landlord's first petition for termination of lease and ouster, and by retaining possession and then vacating without reasonable notice to the landlord of in-

tention to quit, had occasioned loss and damage to the landlord. It is then alleged that, in equity and good conscience, the ancillary receiver ought to be required to pay the landlord $8,333.33, being four months rent, which would have accrued under the lease up to the time of filing the second petition of intervention.

Hearing was had upon this petition and the court entered its order denying the same, and, no appeal being taken, said order became final.

Thereafter, and on February 29, 1924, upon application of the ancillary receiver, the court entered its order directing the ancillary receiver to pay over to himself, as receiver in the main case under his New York appointment, all of the moneys and funds remaining in his hands as ancillary receiver and providing that he thereupon be discharged as ancillary receiver and his bond canceled. The transfer was thereupon made and the discharge became absolute.

These proceedings are instituted by motion filed by the landlord with leave of court to set aside the above order of February 29, 1924. The motion is upon numerous grounds to the general effect that the order transferring the fund and discharging the ancillary receiver was improvidently entered without notice to the landlord. The interest which the landlord has in filing the motion to set aside the order of February 29th is disclosed by a third petition of intervention, which it has filed in the cause after the discharge of the receiver. In this third petition of intervention the landlord again alleges its lease to the Ralph Company, and the taking possession of the premises by the receiver and surrender thereof by him, and repossession by the landlord. It alleges that rents had gone down, and that it lost money because its lease was not carried out according to the terms thereof. It does not specify how much the loss was but prays that its "damages be liquidated and that the receiver be required to pay such damages."

It may well be doubted whether this third petition in intervention presents any claim not finally adjudicated by the final order denying the second petition. The issue in both petitions appears to be the same. It is not alleged in either petition that the ancillary receiver ever took over the lease to the Ralph Company. On the contrary, it is stated in the record that he did not. The second petition was filed months after the ancillary receiver had finally vacated the premises and the landlord had repossessed them, and both petitions are predicated upon the inability of the landlord to realize from the premises the rents specified in the lease.

But it is not necessary to decide that question on this appeal. No action has been taken in the trial court upon the third petition in intervention and it is only referred to here as presenting the claim of interest on the part of the landlord to support its motion to vacate the order of February 29th. Apparently assuming an interest on the part of the landlord, the court heard evidence upon the motion to vacate and overruled the motion and refused to set aside its order of February 29th. From this order, the landlord appeals and assigns the overruling of the motion as error.

The main contention urged is that the landlord was entitled to notice of the application made by the ancillary receiver for direction to transfer the funds in his hands out of the jurisdiction and for discharge, and, it being conceded no such notice was given, that the order thereon of February 29th was erroneous. Careful consideration of the whole record satisfies us that the contention is without merit. On February 29th, the time when the ancillary receiver made his application for direction to disburse and for discharge and obtained the order thereon, the landlord was not a party to the record in the ancillary receivership case. It had been twice before the court, once, by its petition for ouster and termination of the lease, and again, by its petition for $8,333.33 loss of rents accruing after the premises were vacated, and in each instance the court had fully and completely adjudicated its claims. The latter adjudication was made ten months after the ancillary receiver had vacated the premises and ceased to have anything to do with them. There was nothing in the record to indicate any possibility of further claims by the landlord, and certainly the landlord had not appeared in the cause by pleading or otherwise to make any other or further claim. Such being the state of the record, the landlord has no ground to complain because the court caused the funds to be disposed of and the receiver to be discharged without notice to it.

Nor does the direction which the court made to the ancillary receiver in the ruling upon the landlord's first petition affect the conclusion. The direction was that the proceeds of the sale should "remain within the jurisdiction until lessor's claim for rent on premises occupied by receiver be determined and paid." As the ancillary receiver had

not taken over the lease and had fully paid his rent for the period of his occupancy and had obtained an adjudication that he was not liable for any rent for the months following his surrender of the premises to the landlord, there was nothing in this direction of the court to keep the landlord in court as a party to the record, or to entitle it to notice of further proceedings to be had after all the claims it had presented had been adjudicated.

No other irregularity of which the landlord would have any standing to complain has been found in the proceedings of the trial court, and its ruling and order upon the motion is in all respects

Affirmed. It is so ordered.